# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JILL W. KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV411-314 |
| | ) | |
| EFFINGHAM COUNTY HOSPITAL, VICTORIA LITTLE, and SHARON H. MORGAN, | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On December 16, 2011, plaintiff Jill W. Kennedy submitted for filing a complaint that her employment was terminated in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. (Doc. 1.) She indicated that she was late in filing her Title VII claim with the EEOC, and she failed to attach her EEOC right-to-sue letter. (*Id.* at 8.) The Court granted her in forma pauperis ("IFP") status and directed her to submit the letter. (Doc. 4.) She did so, and the case is thus ready to proceed.

The right to proceed IFP in litigation in the federal district courts

is provided for by statute. *See* 28 U.S.C. § 1915. Litigants are not entitled as of right to proceed without the prepayment of a filing fee. IFP status, rather, is a privilege which may be denied when abused. The IFP statute therefore authorizes courts to dismiss cases sua sponte if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). Plaintiff's claims should be dismissed, since she fails to state a claim for relief.

Under 42 U.S.C. § 1983, Kennedy must plead facts showing that her constitutional rights were violated by a person acting under color of state law. *Bannun v. City of Ft. Lauderdale*, 901 F.2d 989, 996-97 (11th Cir. 1990). Kennedy names the Effingham County Hospital and its employees as defendants and states that the hospital is a "public institutional facility." (Doc. 1 at 14.) She admits, however, that the hospital itself is a for-profit "business entity." (*Id.*) As such, it bears the hallmarks of a private business, not a governmental entity. From

Kennedy's pleadings, then, it appears that the county hospital authority[1] partnered with the hospital, a private entity, to provide health care for the county's residents. Despite county funding and oversight, such private hospitals do not qualify as state actors for § 1983 purposes, at least not without some additional showing. *See Kraft v. Mem'l Med. Ctr., Inc.*, 807 F. Supp. 785, 788-89 (S.D. Ga. 1992) (despite county funding and regulatory connections, a private nonprofit hospital is not a state actor unless there is some additional state nexus, such as a showing that specific personnel decisions were controlled by state regulations); *see also Keh v. Americus and Sumter County Hosp.*, 377 F. App'x 861, 863 (11th Cir. 2010) (plaintiff must plead facts showing that its activities are significantly affected with state involvement; such a showing is easily made where the hospital is a public entity or was otherwise established by Georgia law). Here, Kennedy has not pled facts showing such a nexus, so her 42 U.S.C. § 1983 claims fail.

Kennedy's Title VII claim is untimely. An action brought pursuant to Title VII must be submitted to the EEOC within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. §

---

[1] Notably, Kennedy does *not* name the Effingham County Hospital Authority as a defendant.

3

2000e-5(e)(1); 42 U.S.C. § 12117(a) (expressly incorporating 42 U.S.C. § 2000e-5 procedures into ADA cases); *see Miller v. Georgia*, 223 F. App'x 842, 844 (11th Cir. 2007) (stating the same). Here, Kennedy filed her claim with the EEOC on September 19, 2011, but the alleged discrimination took place on July 16, 2010, over a year before. (Doc. 1 at 28.) The EEOC closed the case as untimely filed. (Doc. 5 at 6.) Since Kennedy did not submit her claim to the EEOC within 180 days, her claim is also time-barred here. *See Burkette v. Montgomery County Bd. of Educ.*, 2008 WL 5114313 at * 4 (M.D. Ala. Dec. 4, 2008); *see also Hoffer v. Manchester Tank & Equip. Co.*, 2010 WL 569905 at *2 (C.D. Ill. Feb. 12, 2010).[2]

---

[2] Such limitations requirements are not jurisdictional and are subject to equitable tolling and wavier. *McClinton v. Ala. By-Products Corp.*, 743 F.2d 1483, 1485 (11th Cir. 1984); *see Suarez v. Little Havana Activities*, 721 F.2d 338, 340 (11th Cir. 1983) (tolling ninety-day limitations period); *Roush v. Kartridge Pak Co.*, 838 F. Supp. 1328, 1332-34 (S.D. Iowa 1993) (thorough discussion of Supreme Court and Circuit precedent on this issue). Here, Kennedy suggests that her protracted legal fight over unemployment benefits somehow prevented her from filing a timely EEOC charge. (Doc. 1 at 15-18.) That proceeding only loosely involved the same issues -- the question there was whether she was terminated for violating a policy, and the Georgia Department of Labor concluded that she was not and was thus entitled to benefits; it never addressed any Title VII violation. (Doc. 1 at 25-27.) Moreover, the decision was handed down on November 3, 2010, still within the 180-day window for filing an EEOC claim. In other words, had she exercised due diligence there was nothing preventing her from timely filing an EEOC complaint. Since plaintiff has been granted leave to proceed in forma pauperis, the court may dismiss sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii), which directs a court to dismiss any action brought by an in forma pauperis plaintiff that "fails to state a claim on which relief may be granted." *See Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995) (affirming sua

Kennedy has failed to state a claim for relief. Accordingly, her case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this  27th  day of February, 2012.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

sponte dismissal of action filed after statute of limitations had expired). Here, Kennedy's complaint is clearly untimely and the Court is thus authorized to dismiss her case. *See, e.g., Hill v. City of Montgomery*, 74 F. Supp. 2d 1169, 1170-71 (M.D. Ala. 1999) (adopting magistrate's recommendation of sua sponte dismissal based on statute of limitations).

5