UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

JILL W. KENNEDY,            )
                            )
    Plaintiff,               )
                            )
v.                          )          Case No. CV411-314
                            )
EFFINGHAM COUNTY            )
HOSPITAL, VICTORIA LITTLE,  )
and SHARON H. MORGAN,       )
                            )
    Defendants.              )

## REPORT AND RECOMMENDATION

On February 27, 2012, the undersigned entered a Report and Recommendation (R&R) recommending that Kennedy's employment discrimination case against defendants be dismissed as untimely under Title VII of the Civil Rights Act of 1964, and that her 42 U.S.C. § 1983 claim be dismissed because the hospital she sued was not a state actor. (Doc. 6.) In her objection to the recommendation of dismissal, Kennedy noted that the hospital was, in fact, a government-controlled state actor. (Doc. 9.) Accordingly, the district judge rejected the R&R and permitted Kennedy to amend her complaint. (Doc. 10.) She did so, and the

amended complaint was served upon defendants on October 22, 2012. (Doc. 12.) Presently before the Court is their motion to dismiss Kennedy's amended complaint.[1] (Doc. 21.)

Defendants point out that the Title VII portion of Kennedy's claim remains untimely. (Doc. 22.) The Court agrees for the same reasons explained in its initial R&R, including its finding that equitable tolling does not save her. (Doc. 6 at 3-5.) Kennedy herself does not dispute this, but instead insists that her action should survive under 42 U.S.C. § 1983

---

[1] The Court is evaluating the allegations under the Fed. R. Civ. P. 12(b)(6) standards:

> Following the Supreme Court's approach in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the Eleventh Circuit has suggested that, when considering a motion to dismiss, courts: "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quotations omitted). Allegations entitled to no assumption of truth include "[l]egal conclusions without adequate factual support" or "[f]ormulaic recitations of the elements of a claim." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

*Lenbro Holding Inc. v. Falic*, 2013 WL 172908 at * 2 (11th Cir. Jan. 16, 2013).

Even with this Court according a liberal construction to pro se pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Finally, when factual allegations are "not only compatible with, but indeed [are] more likely explained by" lawful activity, the complaint must be dismissed. *Iqbal*, 556 U.S. at 680; *Vandenbrink v. Voneschen*, 2013 WL 360328 at * 3 (M.D. Fla. Jan. 30, 2013).

and the All Writs Act, 28 U.S.C. § 1651(a). (Doc. 31.) But she has still failed to make out a racial discrimination claim under 42 U.S.C. § 1983, much less offer any facts supporting a claim under the All Writs Act. Indeed, she never once in her amended complaint argues that her rights to equal protection were violated by defendants' actions in terminating her employment. (Doc. 11.) She instead references the Fourteenth Amendment's Due Process Clause and the First Amendment.[2] (*Id.* at 2.) To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, more is required. A plaintiff must give the defendant fair notice of what her claim is and present sufficient facts to state a

---

[2] She notes in a later filing that she is, in fact, attempting to bring a First Amendment "false light" claim. (Doc. 38.) The claim is a non-starter, since mere slander and false light invasion of privacy by a state official, even if committed under color of state law, do not create a cause of action under federal civil rights statutes. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."); *see also Smith ex rel. Smith v. Siegelman*, 322 F.3d 1290, 1296 (11th Cir. 2003) ("To establish a liberty interest sufficient to implicate the fourteenth amendment safeguards, the individual must be not only stigmatized but also stigmatized in connection with a denial of a right or status previously recognized under state law.") (citation omitted); *Cypress Ins. Co. v. Clark*, 144 F.3d 1435, 1436–37 (11th Cir. 1998) ("This rule, labeled the 'stigma-plus' standard, requires a plaintiff to show that the government official's conduct deprived the plaintiff of a previously recognized property or liberty interest in addition to damaging the plaintiff's reputation."). Here, Kennedy has not suggested any property or liberty interest at play. As best the Court can tell, she has not indicated that she was anything other than an at-will employee of the hospital. To the extent she wishes to maintain this, or any other claim, under state law, the Court should decline to maintain supplemental jurisdiction over them. *Jordan v. Mosley*, 2007 WL 3102165 at *2 (S.D. Ga. Oct. 22, 2007).

plausible claim for relief. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Here, defendants reasonably read the amended complaint as simply attempting to bootstrap a Title VII claim onto 42 U.S.C. § 1983, rather than independently asserting a § 1983 equal protection claim. (Doc. 33 at 1.) And it appears that is precisely what she intended to do. (Doc. 31 at 2.) Such a claim fails as a matter of law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998); *see Johnson v. Ballard*, 644 F. Supp. 333, 337 (N.D. Ga. 1986) (an "employee may not maintain a § 1983 action in lieu of Title VII if the only alleged deprivation is of the employee's rights created by Title VII."); *see also See Great Am. Fed. Sav. & Loan Ass. v. Novotny*, 442 U.S. 366, 37-78 (1979) (applying same principle to 42 U.S.C. § 1985(3)).[3] Consequently, she fails to state a claim for relief.

As an additional matter, the Court ordered Kennedy to show cause why her case should not be dismissed for failing to participate in the Fed.

---

[3] Nor, for that matter, does she allege any facts showing that a non-protected person was treated differently for failing to give two weeks' notice before changing his or her schedule. Hence, she has not made out a *prima facie* case of discrimination. *Amnesty International, USA v. Battle*, 559 F.3d 1170, 1180 (11th Cir. 2009).

4

R. Civ. P. 26(f) conference. (Doc. 30.) Her response was entirely unsatisfactory. She insists that she should not be required to meet for the conference because the Court had not appointed counsel to represent her. (Doc. 34.) She still has not shown "exceptional circumstances" warranting the appointment of counsel in this case, as the Court explained in its prior order denying counsel. (Doc. 4 at 2.) And the Court's refusal to appoint her counsel does not relieve her from the responsibility of prosecuting her case in accordance with the applicable Federal and Local Rules. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Hence, the Court rejects her explanation for deliberately refusing to participate in the conference, as required. In that regard, then, her case is also subject to dismissal for failure to prosecute the matter. S.D. Ga. LR 41.1; *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, No. CV491-277 (S.D. Ga. June 10, 1992).

For all of the reasons explained above, the Court again recommends that this case be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 23rd day of April, 2013.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA